LUCIEN LONGCHAMPS, Plaintiff and Appellee, *v.* JULIA FRANCESCHI ANTONGIORGI, Defendant and Appellant.

No. 8040. Argued March 25, 1940.—Decided May 7, 1940.

*Luis López de Victoria* for appellant. *Lucien Longchamps pro se.*

Mr. Justice Travieso delivered the opinion of the court.

### ON MOTION FOR RECONSIDERATION

On February 23, 1940, this court rendered a judgment in the instant case reversing that entered by the District Court of Ponce on June 12, 1939. The plaintiff and appellee has moved for a reconsideration of said judgment. In order to hear the parties as to its propriety we set March 25, 1940. The hearing took place without the appearance of the parties, although both had filed their respective briefs.

Our former judgment was based on the fact, which appeared *prima facie* from the complaint, that the lower court was without jurisdiction in the premises by reason of the amount involved, that is, that the largest sum which the plaintiff was entitled to collect from the defendant under the allegations of the complaint amounted only to $491.90.

The main ground of the motion for reconsideration is that notwithstanding the allegation in paragraph three of the complaint that "between October 30, 1934, and November 7, 1936, and to cover the expenses and costs of the various services above enumerated, the defendant handed to the plaintiff several sums, from time to time and on various accounts, amounting to $310.60," as advances, such advances actually amounted only to $299.10, in which case the difference of $11.50 between $310.60 and $299.10 would be sufficient to raise the sum which the plaintiff is entitled to claim from the defendant from $491.90 to $503.40, a sum above the limit required by the statute for conferring jurisdiction on district courts.

Although it is a fact that in certain statements of accounts showing advances and disbursements prepared by the plain-

tiff he says that the total of the sums advanced amounts to $299.10 and that the balance up to $310.60, that is, $11.50, "represents expenses incurred by the defendant in Ponce on April 26, 1935, during one of the hearings," such statements, instead of explaining rather tend to confuse; firstly, because the same conflict with the allegation of the complaint, in so far as it is therein alleged that the sums received as advances amount only to $299.10 and not to $310.60; and, secondly, it does not clearly appear therefrom that said sum of $11.50, although an expense incurred by the defendant, was not considered by the plaintiff as an advance. It is so admitted by the plaintiff when, in his motion for reconsideration, he says:

"On the other hand, it should be observed that on page 54 of the judgment roll, in connection with said difference of $11.50 between the total sum admitted by the appellee to be the amount of the advances and the statement of the advances in cash represented by checks, the appellee makes the following explanation:

"This plaintiff explains that the difference represents expenses incurred by the defendant in Ponce in one of the hearings held on April 26, 1935.

"This plaintiff and appellee admits that a better explanation would have been to say in the explanatory note, instead of the disbursement being made by the appellant on April 26, 1935, 'in one of the hearings', that the disbursement was incurred, 'at the hearing of the intervention proceedings, item "C" of the complaint.' "

As it appears from the documentary evidence that the advances actually amounted to $299.10 instead of to $310.60 as alleged by the plaintiff in his complaint, with the result, then, that the plaintiff would be entitled to claim from the defendant a sum exceeding $500 which is the statutory limit for conferring jurisdiction on district courts, we think that the motion for reconsideration should be granted and the complaint, therefore, held to be amended to conform to the evidence so that the sums received by the plaintiff as advances would amount, when added up, to $299.10, and that the judg-

ment appealed from should be modified by reducing to $403.40 the amount to be paid by the defendant to the plaintiff, with costs on the defendant, and, so modified, affirmed.